IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | |
| Luis Nelson Acevedo, | Case No. 5:23-bk-00462-MJC |
| Debtor | Chapter 7 |
| United States of America, | Adversary Case No. 5:23-ap-00029-MJC |
| Plaintiff | |
| v. | |
| Luis Nelson Acevedo, | |
| Defendant | |

## **ANSWER**

*Introduction*

Defendant admits that there has been an overpayment of benefits in some amount. However, he does not know whether the amount of the overpayment as stated by the SSA has been correctly calculated. Additionally, he denies that he has ***willfully*** provided any false information. He acknowledges that some of the earnings information on the paperwork that he has submitted to SSA was inaccurate. However, any inaccuracies were unintentional and are due to the challenges that Defendant encounters when dealing with paperwork. In school, Defendant repeated 7th grade, repeated 8th grade, and dropped out of school after having completed 9th grade at the age of 18. He later enrolled in a GED program that he was unable to complete. The inaccurate statements provided to the SSA were not made with the intent or purpose of deceiving the SSA, nor did the Defendant know that they were false when he made them.

1 – 7.   Admitted.

8 – 9.   After a reasonable investigation, Defendant is without information sufficient to determine whether he received the notice and pamphlet.

10.   Denied that Defendant worked continuously from February 21, 2015 through July 12, 2016. During this period, he was employed by a temporary employment agency and had various assignments with different companies. However, during this period there were gaps of time during which the agency was unable to find suitable temporary employment so Defendant did not work. Defendant does not presently know when those gaps occurred. Admitted that Defendant did work continuously from May 20, 2014 through August 19, 2014. After a reasonable investigation, Defendant is without information sufficient to determine whether he failed to inform SSA of either of these positions before August of 2016. Since 2014, Defendant has advised SSA several times via telephone of various employment positions that Defendant has held. However, Defendant does not remember the dates of those phone calls.

11.   Denied. Defendant does not dispute that he told SSA that he was not working on September 16, 2015 or on October 27, 2015. However, as explained in the response to the previous allegation, Defendant may not have been working on the day that he filled out the application. Additionally, in reviewing the form now, Defendant believes that he might have interpreted the question as asking for a statement of the unspent amount of any previously earned wages that were then in his possession – i.e., wages which had been earned, paid, and converted to a bank account balance or to cash. Additionally, for the reasons explained in the introduction on page 1, any inaccuracy in the information

provided to the SSA was unintentional, so to the extent that the term "falsely" implies willfulness, that allegation is denied.

12. Denied. See response to ¶¶ 10-11.

13. Denied. After a reasonable investigation, Defendant is without information sufficient to determine whether he received the notice. However, if Defendant did receive the notice, he would have contacted the SSA no later than one business day after having received the notice.

14. Denied. After a reasonable investigation, Defendant is without information sufficient to determine whether he received a notice substantially in the form of Exhibit 8 or whether he informed the SSA of his 2017 work for Multi-Plastics Extrusions Inc. and Aerotek Affiliated Services Inc.

15. Denied. After a reasonable investigation, Defendant is without information sufficient to determine whether he received a notice substantially in the form of Exhibit 10.

16. Denied in part. Admitted except that to the extent the word "falsely" implies that the inaccuracy was deliberate, Defendant denies that implication.

17. Denied. After a reasonable investigation, Defendant is without information sufficient to determine whether he received a notice substantially in the form of Exhibit 13. Defendant denies that he did not contact the SSA within the 10-day period described in the notice. If Defendant did receive the notice, he would have contacted the SSA no later than one business day after having received the notice.

18. Denied. Defendant believes that he would remember having received a notice advising him that his benefits had been terminated. He does not remember having received a notice substantially in the form of Exhibit 14. (Defendant has moved a number of times

since 2015. As the address to which this notice was purportedly mailed has been redacted, Defendant is unsure whether he was residing at that address at the time that the notice was mailed.) Instead, he learned that his benefits had been terminated only once he stopped receiving the monthly payment. At that point, he contacted the SSA and learned of the alleged overpayment.

19. Admitted.

20. Denied in part. To the extent the word "falsely" implies that the inaccuracy was deliberate, Defendant denies that implication. Additionally, the handwriting on part of this application is not Defendant's own. He believes that he had assistance in preparing the application. After a reasonable investigation, Defendant is unable to admit that he did not inform the SSA of the work at any time through October 2020. Since 2015, Defendant has had several telephone conversations in which he has advised the SSA of work. Defendant does not remember the dates of those phone calls, nor whether any of them related to his employment with Bimbo Bakeries USA, Inc.

21. Denied. To the extent the word "falsely" implies that any inaccuracy was deliberate, Defendant denies that implication. Additionally, here no representation was made at all regarding the expected earnings for 2020. To the contrary, paragraph 10 of Exhibit 18 sought information regarding anticipated 2020 wage earnings, but that paragraph was not responded to. After a reasonable investigation, Defendant is unable to admit that he did not inform the SSA of the work at any time through October 2020. Since 2015, Defendant has had several telephone conversations in which he has advised the SSA of work. Defendant does not remember the dates of those phone calls, nor whether any of them related to his employment with Graham Packaging Company L.P.

22. Denied. After a reasonable investigation, Defendant is without information sufficient to determine whether he received a notice substantially in the form of Exhibit 20. Defendant denies that he did not contact the SSA within the 10-day period described in the notice. If Defendant did receive the notice, he would have contacted the SSA no later than one business day after having received the notice.

23. Denied. After a reasonable investigation, Defendant is without information sufficient to form a belief as to whether the communication described in this paragraph occurred.

24. Denied. After a reasonable investigation, Defendant is without information sufficient to determine whether he received a notice substantially in the form of Exhibit 22.

25. Denied. After a reasonable investigation, Defendant is without information sufficient to form a belief as to the truth of this allegation.

26. Admitted.

27. Admitted, except that after a reasonable investigation, Defendant is without information sufficient to form a belief as to the accuracy of the SSA's determination of any amount that Defendant owes the SSA. Additionally, Schedule E/F was amended after the filing of the instant complaint to list the debt in the amount of $28,493.60 and to indicate that the amount is disputed.

28. Admitted.

29. Denied. The cited regulation states that a person "should" report to the SSA if their condition improves, if they return to work, or if their earnings increase.

30. Admitted.

31. Denied.

32. Denied. After a reasonable investigation, Defendant is without information sufficient to form a belief as to the accuracy of the SSA's determination of any amount that Defendant owes the SSA.

33. Denied.

Dated: July 27, 2023 /s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Attorney for Defendant
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com